**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiffs*
Our File No.: 111367

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Shawn Lockridge, Karen Manco, Michael E. Habel and Darlene Rivera-Nieves, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> Professional Claims Bureau, Inc., <br><br> Defendant. | Docket No: <br><br> **CLASS ACTION COMPLAINT** <br><br> JURY TRIAL DEMANDED |

Shawn Lockridge, Karen Manco, Michael E. Habel and Darlene Rivera-Nieves, individually and on behalf of all others similarly situated (hereinafter referred to collectively as "*Plaintiffs*"), by and through the undersigned counsel, complain, state and allege against Professional Claims Bureau, Inc.(hereinafter referred to as "*Defendant*"), as follows:

### INTRODUCTION

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, ("FDCPA").

### JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. §1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

1

4. At all relevant times, Defendant conducted business within the State of New York.

## PARTIES

5. Plaintiff Shawn Lockridge is an individual who is a citizen of the State of New York residing in Suffolk County, New York.

6. Plaintiff Darlene Rivera-Nieves is an individual who is a citizen of the State of New York residing in Suffolk County, New York.

7. Plaintiff Karen Manco is an individual who is a citizen of the State of New York residing in Suffolk County, New York.

8. Plaintiff Michael Habel Manco is an individual who is a citizen of the State of New York residing in Suffolk County, New York.

9. Plaintiffs are "consumers" as defined by 15 U.S.C. § 1692a(3).

10. On information and belief, Defendant Professional Claims Bureau, Inc., is a New York  with a principal place of business in Nassau County, New York.

11. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

12. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

13. Defendant alleges each of the Plaintiffs owe a debt ("the Debts").

14. The Debts were primarily for personal, family or household purposes and are therefore "debts" as defined by 15 U.S.C. § 1692a(5).

15. Sometime after the incurrence of the Debts, Plaintiffs fell behind on payments owed.

16. Thereafter, at an exact time known only to Defendant, the Debts were assigned or otherwise transferred to Defendant for collection.

17. In its efforts to collect the debt alleged owed by Plaintiff Lockridge, Defendant contacted Plaintiff Lockridge by letter ("the Letter") dated May 24, 2016. ("**Exhibit 1**.")

18. In its efforts to collect the debt alleged owed by Plaintiff Rivera-Nieves, Defendant contacted Plaintiff Rivera-Nieves by letter ("the Letter") dated April 21, 2016. ("**Exhibit 1**.")

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

19. In its efforts to collect the debt alleged owed by Plaintiff Manco, Defendant contacted Plaintiff Manco by letter ("the Letter") dated June 1, 2016. ("**Exhibit 1**.")

20. In its efforts to collect the debt alleged owed by Plaintiff Habel, Defendant contacted Plaintiff Habel by letter ("the Letter") dated May 24, 2016. ("**Exhibit 1**.")

21. The Letters are "communications" as defined by 15 U.S.C. § 1692a(2).

### FIRST COUNT
### Violation of 15 U.S.C. § 1692e
### False or Misleading Representations as to the Name of the Creditor to Whom the Debt is Owed
### AS TO PLAINTIFF LOCKRIDGE

22. Plaintiff Lockridge repeats and realleges the foregoing paragraphs as if fully restated herein.

23. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

24. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

25. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

26. A collection letter is deceptive under 15 U.S.C. § 1692e if it can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate.

27. A collection letter is also deceptive under 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

28. For purposes of 15 U.S.C. § 1692e, the failure to clearly and accurately identify the creditor to whom the debt is owed is unfair and deceptive to the least sophisticated consumer.

29. The identity of creditor to whom the debt is owed is a material piece of information to a consumer.

30. Knowing the identity of creditor to whom the debt.

31. A debt collector has the obligation not just to convey the name of the creditor to whom the debt is owed, but also to convey such clearly.

32. A debt collector has the obligation not just to convey the name of the creditor to

whom the debt is owed, but also to state such explicitly.

33. Even if a debt collector conveys the required information, the debt collector nonetheless violates the FDCPA if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty.

34. When determining whether the name of the creditor to whom the debt is owed has been conveyed clearly, an objective standard, measured by how the "least sophisticated consumer" would interpret the notice, is applied.

35. The Letter fails to identify by name and label any entity as "creditor," "original creditor," "current creditor," "account owner," or "creditor to whom the debt is owed."

36. The Letter states, "Re: NSLIJ PHYSICIANS – DEPT OF MEDICINE."

37. The Letter fails to indicate whether the "Re:" refers to the account owner.

38. The Letter fails to indicate whether the "Re:" refers to Plaintiff's creditor.

39. The Letter fails to indicate whether the "Re:" refers to Plaintiff's current creditor.

40. The Letter fails to indicate whether the "Re:" refers to Plaintiff's original creditor.

41. The Letter fails to indicate whether the "Re:" refers to the creditor to whom the debt is owed.

42. The Letter fails to indicate who referred the account to Defendant.

43. The Letter fails to indicate who Defendant represents.

44. The Letter fails to indicate who is Defendant's client.

45. The Letter fails to indicate the name of any entity to which Plaintiff should make her check payable to.

46. The Letter indicates that if a payment is made by credit card, the credit card statement will reflect a charge from Defendant only.

47. Defendant failed to explicitly state the name of the creditor to whom the debt is owed.

48. Defendant failed to clearly state the name of the creditor to whom the debt is owed.

49. The least sophisticated consumer would likely be confused as to the name of the creditor to whom the debt is owed.

50. The least sophisticated consumer would likely be uncertain as to the name of the creditor to whom the debt is owed.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

4

51. Because the Letter can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate, as described, it is deceptive within the meaning of 15 U.S.C. § 1692e.

52. Because the Letter is reasonably susceptible to an inaccurate reading by the least sophisticated consumer, as described, it is deceptive within the meaning of 15 U.S.C. § 1692e.

53. The least sophisticated consumer would likely be deceived by the Letter.

54. The least sophisticated consumer would likely be deceived in a material way by the Letter.

55. Defendant violated § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

**SECOND COUNT**
**Violation of 15 U.S.C. § 1692e**
**False or Misleading Representations as to the Name of the**
**Creditor to Whom the Debt is Owed**
**AS TO PLAINTIFF RIVERA-NIEVES**

56. Plaintiff Rivera-Nieves repeats and realleges the foregoing paragraphs as if fully restated herein.

57. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

58. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

59. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

60. A collection letter is deceptive under 15 U.S.C. § 1692e if it can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate.

61. A collection letter is also deceptive under 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

62. For purposes of 15 U.S.C. § 1692e, the failure to clearly and accurately identify the creditor to whom the debt is owed is unfair and deceptive to the least sophisticated consumer.

63. The identity of creditor to whom the debt is owed is a material piece of

information to a consumer.

64. Knowing the identity of creditor to whom the debt.

65. A debt collector has the obligation not just to convey the name of the creditor to whom the debt is owed, but also to convey such clearly.

66. A debt collector has the obligation not just to convey the name of the creditor to whom the debt is owed, but also to state such explicitly.

67. Even if a debt collector conveys the required information, the debt collector nonetheless violates the FDCPA if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty.

68. When determining whether the name of the creditor to whom the debt is owed has been conveyed clearly, an objective standard, measured by how the "least sophisticated consumer" would interpret the notice, is applied.

69. The Letter fails to identify by name and label any entity as "creditor," "original creditor," "current creditor," "account owner," or "creditor to whom the debt is owed."

70. The Letter states, "Re: NSLIJ PHYSICIANS – DEPT OF PSYCHIATRY."

71. The Letter fails to indicate whether the "Re:" refers to the account owner.

72. The Letter fails to indicate whether the "Re:" refers to Plaintiff's creditor.

73. The Letter fails to indicate whether the "Re:" refers to Plaintiff's current creditor.

74. The Letter fails to indicate whether the "Re:" refers to Plaintiff's original creditor.

75. The Letter fails to indicate whether the "Re:" refers to the creditor to whom the debt is owed.

76. The Letter fails to indicate who referred the account to Defendant.

77. The Letter fails to indicate who Defendant represents.

78. The Letter fails to indicate who is Defendant's client.

79. The Letter fails to indicate the name of any entity to which Plaintiff should make her check payable to.

80. The Letter indicates that if a payment is made by credit card, the credit card statement will reflect a charge from Defendant only.

81. Defendant failed to explicitly state the name of the creditor to whom the debt is owed.

82. Defendant failed to clearly state the name of the creditor to whom the debt is

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

6

owed.

83. The least sophisticated consumer would likely be confused as to the name of the creditor to whom the debt is owed.

84. The least sophisticated consumer would likely be uncertain as to the name of the creditor to whom the debt is owed.

85. Because the Letter can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate, as described, it is deceptive within the meaning of 15 U.S.C. § 1692e.

86. Because the Letter is reasonably susceptible to an inaccurate reading by the least sophisticated consumer, as described, it is deceptive within the meaning of 15 U.S.C. § 1692e.

87. The least sophisticated consumer would likely be deceived by the Letter.

88. The least sophisticated consumer would likely be deceived in a material way by the Letter.

89. Defendant violated § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

**THIRD COUNT**
**Violation of 15 U.S.C. § 1692e**
**False or Misleading Representations as to the Name of the**
**Creditor to Whom the Debt is Owed**
**AS TO PLAINTIFF MANCO**

90. Plaintiff Manco repeats and realleges the foregoing paragraphs as if fully restated herein.

91. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

92. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

93. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

94. A collection letter is deceptive under 15 U.S.C. § 1692e if it can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

95. A collection letter is also deceptive under 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

96. For purposes of 15 U.S.C. § 1692e, the failure to clearly and accurately identify the creditor to whom the debt is owed is unfair and deceptive to the least sophisticated consumer.

97. The identity of creditor to whom the debt is owed is a material piece of information to a consumer.

98. Knowing the identity of creditor to whom the debt.

99. A debt collector has the obligation not just to convey the name of the creditor to whom the debt is owed, but also to convey such clearly.

100. A debt collector has the obligation not just to convey the name of the creditor to whom the debt is owed, but also to state such explicitly.

101. Even if a debt collector conveys the required information, the debt collector nonetheless violates the FDCPA if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty.

102. When determining whether the name of the creditor to whom the debt is owed has been conveyed clearly, an objective standard, measured by how the "least sophisticated consumer" would interpret the notice, is applied.

103. The Letter fails to identify by name and label any entity as "creditor," "original creditor," "current creditor," "account owner," or "creditor to whom the debt is owed."

104. The Letter states, "Re: MEMORIAL SLOAN KETTERING HOSP."

105. The Letter fails to indicate whether the "Re:" refers to the account owner.

106. The Letter fails to indicate whether the "Re:" refers to Plaintiff's creditor.

107. The Letter fails to indicate whether the "Re:" refers to Plaintiff's current creditor.

108. The Letter fails to indicate whether the "Re:" refers to Plaintiff's original creditor.

109. The Letter fails to indicate whether the "Re:" refers to the creditor to whom the debt is owed.

110. The Letter fails to indicate who referred the account to Defendant.

111. The Letter fails to indicate who Defendant represents.

112. The Letter fails to indicate who is Defendant's client.

113. The Letter fails to indicate the name of any entity to which Plaintiff should make her check payable to.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

114. The Letter indicates that if a payment is made by credit card, the credit card statement will reflect a charge from Defendant only.

115. Defendant failed to explicitly state the name of the creditor to whom the debt is owed.

116. Defendant failed to clearly state the name of the creditor to whom the debt is owed.

117. The least sophisticated consumer would likely be confused as to the name of the creditor to whom the debt is owed.

118. The least sophisticated consumer would likely be uncertain as to the name of the creditor to whom the debt is owed.

119. Because the Letter can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate, as described, it is deceptive within the meaning of 15 U.S.C. § 1692e.

120. Because the Letter is reasonably susceptible to an inaccurate reading by the least sophisticated consumer, as described, it is deceptive within the meaning of 15 U.S.C. § 1692e.

121. The least sophisticated consumer would likely be deceived by the Letter.

122. The least sophisticated consumer would likely be deceived in a material way by the Letter.

123. Defendant violated § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

### FOURTH COUNT
### Violation of 15 U.S.C. § 1692e
### False or Misleading Representations as to the Name of the Creditor to Whom the Debt is Owed
### AS TO PLAINTIFF HABEL

124. Plaintiff Habel repeats and realleges the foregoing paragraphs as if fully restated herein.

125. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

126. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

9

127. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

128. A collection letter is deceptive under 15 U.S.C. § 1692e if it can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate.

129. A collection letter is also deceptive under 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

130. For purposes of 15 U.S.C. § 1692e, the failure to clearly and accurately identify the creditor to whom the debt is owed is unfair and deceptive to the least sophisticated consumer.

131. The identity of creditor to whom the debt is owed is a material piece of information to a consumer.

132. Knowing the identity of creditor to whom the debt.

133. A debt collector has the obligation not just to convey the name of the creditor to whom the debt is owed, but also to convey such clearly.

134. A debt collector has the obligation not just to convey the name of the creditor to whom the debt is owed, but also to state such explicitly.

135. Even if a debt collector conveys the required information, the debt collector nonetheless violates the FDCPA if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty.

136. When determining whether the name of the creditor to whom the debt is owed has been conveyed clearly, an objective standard, measured by how the "least sophisticated consumer" would interpret the notice, is applied.

137. The Letter fails to identify by name and label any entity as "creditor," "original creditor," "current creditor," "account owner," or "creditor to whom the debt is owed."

138. The Letter states, "Re: NSLIJ PHYSICIANS – DEPT OF EMERGENCY MEDICINE."

139. The Letter fails to indicate whether the "Re:" refers to the account owner.

140. The Letter fails to indicate whether the "Re:" refers to Plaintiff's creditor.

141. The Letter fails to indicate whether the "Re:" refers to Plaintiff's current creditor.

142. The Letter fails to indicate whether the "Re:" refers to Plaintiff's original creditor.

143. The Letter fails to indicate whether the "Re:" refers to the creditor to whom the

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

debt is owed.

144. The Letter fails to indicate who referred the account to Defendant.

145. The Letter fails to indicate who Defendant represents.

146. The Letter fails to indicate who is Defendant's client.

147. The Letter fails to indicate the name of any entity to which Plaintiff should make her check payable to.

148. The Letter indicates that if a payment is made by credit card, the credit card statement will reflect a charge from Defendant only.

149. Defendant failed to explicitly state the name of the creditor to whom the debt is owed.

150. Defendant failed to clearly state the name of the creditor to whom the debt is owed.

151. The least sophisticated consumer would likely be confused as to the name of the creditor to whom the debt is owed.

152. The least sophisticated consumer would likely be uncertain as to the name of the creditor to whom the debt is owed.

153. Because the Letter can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate, as described, it is deceptive within the meaning of 15 U.S.C. § 1692e.

154. Because the Letter is reasonably susceptible to an inaccurate reading by the least sophisticated consumer, as described, it is deceptive within the meaning of 15 U.S.C. § 1692e.

155. The least sophisticated consumer would likely be deceived by the Letter.

156. The least sophisticated consumer would likely be deceived in a material way by the Letter.

157. Defendant violated § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

### CLASS ALLEGATIONS

158. Plaintiffs bring this action individually and as a class action on behalf of all persons similarly situated in the State of New York from whom Defendant attempted to collect a consumer debt using a collection letter that fails to identify by name and label any entity as

11

"creditor," "original creditor," "current creditor," "account owner," or "creditor to whom the debt is owed," from one year before the date of this Complaint to the present.

159. This action seeks a finding that Defendant's conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

160. Defendant regularly engages in debt collection.

161. The Class consists of more than 35 persons from whom Defendant attempted to collect delinquent consumer debts using a collection letter that fails to identify by name and label any entity as "creditor," "original creditor," "current creditor," "account owner," or "creditor to whom the debt is owed."

162. Plaintiffs' claims are typical of the claims of the Class.  Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

163. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

164. Plaintiffs will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof.  Moreover, Plaintiffs have retained counsel experienced in actions brought under consumer protection laws.

## JURY DEMAND

165. Plaintiffs hereby demand a trial of this action by jury.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiffs respectfully request judgment as follows:

a. Certify this action as a class action; and

b. Appoint Plaintiffs as Class Representatives of the Class, and Plaintiffs' attorneys as Class Counsel; and

c. Find that Defendant's actions violate the FDCPA; and

d. Grant damages against Defendant pursuant to 15 U.S.C. § 1692k; and

e. Grant Plaintiffs' attorneys' fees pursuant to 15 U.S.C. § 1692k; and

f. Grant Plaintiffs' costs; together with

g. Such other relief that the Court determines is just and proper.

DATED: April 24, 2017

**BARSHAY SANDERS, PLLC**

By:   */s/ Craig B. Sanders*
Craig B. Sanders, Esq.
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
csanders@barshaysanders.com
*Attorneys for Plaintiffs*
Our File No.: 111367

BARSHAY | SANDERS_PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530